UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
MMP Capital, Inc.

     Plaintiff,

 -against-

Punyakam, PLLC et al.

     Defendants.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 2:20-cv-1755-FB-ST

*Appearances:*
*For the Plaintiff*:
DANIEL D. BARNES
Chiesa Shahinian & Giantomasi PC
One Boland Dr.
West Orange, NJ 07052

*For the Defendant*:
PUNYA RAMAN GAMMAGE
*Pro Se*
3736 East Marlene Dr.
Gilbert, AZ 85296

**BLOCK, Senior District Judge:**

 Plaintiff MMP Capital, Inc. ("MMP") entered into a contract ("Equipment Finance Agreement" or "EFA") with Defendant Punyakam, PLLC ("Punyakam"), whereby the former agreed to finance the latter's purchase of medical equipment. *Pro se* Defendant Punya Raman Gammage is the EFA's guarantor. MMP alleges that Punyakam and Gammage have refused to make payments as required by the EFA. It seeks damages for breach of contract and unjust enrichment.

Gammage moves to transfer venue to the United States District Court for the District of Arizona, where she resides and her company has its headquarters. MMP responds that a forum selection clause in the EFA prevents transfer.

For the reasons stated below, Gammage's motion is denied.

## I.

MMP Capital, Inc. is a New York company with a principal place of business in this state. Punyakam, PLLC is an Arizona professional limited liability company headquartered in that state. Punya Raman Gammage is an Arizona resident and the sole member of Punyakam, PLLC.

In September of 2019, the parties executed the EFA. The EFA contains a forum selection clause, which states:

> The EFA shall be governed and construed under the laws of the State of New York. . . and is deemed to have been performed in Nassau County, NY. You [i.e., Punyakam and Gammage] submit to the jurisdiction of NY and agree that the state and federal courts sitting in Nassau County, New York shall have the exclusive jurisdiction over any action or proceeding to enforce the EFA. You acknowledge [that] jurisdiction may change at the sole discretion of MMP Capital's successors or assigns. You waive any objection based on improper venue and/or forum non conveniens.

ECF No. 12, Ex. 1 at 9.[1]

## II.

**A.   Enforcement of Forum Selection Clause**

---

[1] The United States District Court for the Eastern District of New York is the federal trial court with jurisdiction over Nassau County.

"Courts determine whether forum selection clauses are enforceable by asking:

> (1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive, i.e., whether the parties are required to bring any dispute to the designated forum or simply permitted to do so; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause."

*Gordian Grp., LLC v. Syringa Expl., Inc.*, 168 F. Supp. 3d 575, 581 (S.D.N.Y. 2016) (quoting *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014)). "If the forum selection clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable. A party can overcome this presumption by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.*

B.   **Motion to Transfer Venue in Case Involving Forum Selection Clause**

"[M]otions for transfer lie within the broad discretion of the courts and are determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equip., Corp.*, 980 F.2d 110, 117 (2d Cir. 1992). Because the plaintiff's choice of venue is entitled to substantial deference, the defendant has the burden of proving by clear and convincing evidence that transfer is warranted. *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010).

"Deciding a § 1404(a) motion to transfer venue requires a two-part inquiry: first, whether the action to be transferred might have been brought in the transferee court; and second, whether considering the convenience of the parties and witnesses, and the interest of justice, a transfer is appropriate." *Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6, 28-9 (E.D.N.Y. 2014) (citing *AGSC Marine Ins. Co. v. Assoc. Gas & Oil Co., Ltd.*, 775 F. Supp. 2d 640, 645 (S.D.N.Y. 2011)).

Typically, the second part of the inquiry requires the Court to weigh a combination of private and public interest factors to determine whether the proposed forum is more convenient than the present one. *See In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 168 (E.D.N.Y. 2006) *see also Lafarge N. Am., Inc.*, 599 F.3d, at 112.[2]

However, the calculus changes when the parties execute a forum selection clause. Because a forum selection clause "represents the parties' agreement as to the most proper forum. . . . a valid forum selection clause should be given controlling weight in all but the most exceptional cases." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western Dist. of*

---

[2] The "public and private interest factors" are: (1) the convenience of witnesses, (2) the convenience of the parties, (3) the locus of operative facts, (4) the availability of process to compel the attendance of unwilling witnesses, (5) the location of relevant documents and the relative ease of access to sources of proof, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice. *Id.*

*Tex.*, 571 U.S. 49, 63 (2013) (internal quotations and citations omitted). As relevant here, "when parties agree to a forum-selection clause, they waive the right to challenge the pre-selected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly shall deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 64. While it is "conceivable" that a "district court would refuse to transfer a case notwithstanding the counterweight of a forum selection clause, such cases [are] not common." *Id.* On the contrary, because forum selection clauses "further [the] vital interest of the justice system" in "protect[ing] litigants'] legitimate expectations," the public interest-factors usually favor enforcement as well. *Id.* at 63.

"Parties can consent to personal jurisdiction through forum-selection clauses in contractual agreements." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006). "Where an agreement contains a valid and enforceable forum-selection clause. . .it is not necessary to analyze [personal] jurisdiction under New York's long-arm statute or [the] federal constitutional requirements of due process." *Gordian Grp.,* 168 F. Supp. 3d, at 581 (quoting *Export-Import Bank of U.S. v. Hi-Films S.A. de C.V.*, No. 09-CV-3573 (PGG), 2010 WL 3743826, at *4 (S.D.N.Y. Sept. 24, 2010)).

**III.**

A. **Enforcement of the Forum Selection Clause**

As a preliminary matter, the Court finds that the forum selection clause is enforceable. Gammage's motion does not address the clause, but nothing in the record suggests she was unaware of it. On the contrary, her signature appears four times on the EFA, which contains the clause. ECF No. 12, Ex. 1 at 9-10. *See Ally Bank v. Webster*, 406 F. Supp. 3d 356, 361 (D. Vt. 2019) (a clause is "reasonably communicated" if it appears in the "main text of a contractual agreement"); *see also Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 9-10 (2d Cir. 1995) (forum selection clause contained in fine print of airline ticket was "reasonably communicated"). Moreover, the clause's use of the word "shall" establishes that it is mandatory, and the clause covers all "actions or proceedings" related to the EFA, including this one. *See generally Phillips v. Audio Active Ltd.*, 494 F.3d 378, 386 (2d Cir. 2007) (noting that the question of whether a forum selection clause is mandatory or permissive "is one of contract interpretation. Hence our. . . focus is on the language of the contract[,]" and concluding that a forum selection clause stating that claims "are to be brought" was mandatory). The forum selection clause is therefore presumptively enforceable.

Gammage can overcome this presumption only by showing that the clause is "invalid" or that enforcement of the clause would be "unreasonable

or unjust." Although she alleges that MMP made "misrepresentations. . .in the process" of negotiating the contract, the next sentence of her motion makes clear that these "misrepresentations" relate to "the underlying issue that the equipment was not as represented to Defendants." ECF No. 11, Ex. 1 at 2. Thus, the Court does not construe Gammage's "process" complaint as a claim that fraud induced her to accept the forum-selection clause, but rather as a substantive claim that MMP did not adequately perform an alleged obligation to ensure the quality of the equipment it marketed.

    Nor is enforcement of the clause "unreasonable or unjust." In the absence of fraud, a forum selection clause will be enforced unless "the law to be applied in the selected forum is fundamentally unfair;. . . enforcement contravenes a strong policy of the forum state; or . . . trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of [her] day in court." *Audio Active Ltd.*, 494 F.3d, at 392. Gammage does not allege that New York law is "fundamentally unfair," and New York policy does not disfavor adjudicating claims involving in-state corporations. *Cf. Atlantic Marine Const. Co., Inc*, 571 U.S., at 64 (noting that forum selection clauses "further vital interests of the justice system"); *Bank v. Laptop & Desktop Repair, LLC*, 206 F. Supp. 3d 772, 781 (E.D.N.Y. 2016) (collecting cases in support of the proposition that "New

York has a strong public policy of *enforcing* forum selection clauses so that parties are able to rely on the terms of the contracts they make") (emphasis in original).

Gammage's claim that she does not "reside or do business in New York" and "[has] no contact and no legal representation" in the state can be liberally construed as a claim that trial in New York is "so difficult and inconvenient that [she] will be effectively deprived of her day in Court," but this argument cannot carry the day. *See* ECF No. 11, Ex. 1 at 2. *See also Audio Active Ltd.*, 494 F.3d at 392; *see generally Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring liberal construction of *pro se* pleadings). On the contrary, the Second Circuit has made clear that a party is not "deprived of his day in court" unless it is "impossible" for that party to litigate in the pre-selected forum. *Audio Active Ltd.*, 494 F.3d, at 392-93. It has also explicitly held that "distance [does] not render a forum inconvenient if [the forum is] readily accessible by air travel." *Id.* (citing *Sun Line Cruises, Inc.*, 67 F.3d, at 10-11). Here, Gammage can easily purchase a flight ticket to New York if in-person proceedings are needed, so this forum is not "so difficult and inconvenient" as to "deprive [her] of [her] day in court." *Id.*

The parties' forum selection clause is enforceable.

**B.      Change of Venue**

The parties' valid forum selection forecloses any argument that this case "cannot be brought" in this district because the Court lacks personal jurisdiction. *Gottdiener*, 462 F.3d, at 103. It further ensures that all of the "private interest" factors weigh against transfer. *Atlantic Marine Const. Co., Inc*, 571 U.S., at 64. Thus, transfer is only appropriate if Gammage can show that "the public interest. . . overwhelmingly [favors] transfer." *Id.* at 67.

Gammage does not carry this burden. Even construed liberally, her arguments relate solely to the parties' private interests, which the law requires the Court to weigh against transfer. Moreover, New York's interest in enforcing forum selection clauses and the Court's interest in promptly adjudicating matters before it favor trying this case in New York. Consequently, this matter is not an "exceptional case" in which the Court may disregard the parties' valid forum selection clause. *Id.* at 63.

## CONCLUSION

Gammage's motion to transfer venue is **DENIED**. The Clerk shall mail a copy of this Order to *pro se* defendant Punya Raman Gammage.

**SO ORDERED.**

      /s/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 16, 2021