**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
MMP CAPITAL, INC,

                         Plaintiff,

                -against-

PUNYAKAM, PLLC DBA AVISTADMED
FAMILY MEDICINE and PUNYA RAMAN
GAMMAGE,

                   Defendants.
------------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**

20-cv-01755 (FB) (JMW)

**Frank Peretore**
**Daniel D. Barnes**
Chiesa Shahinian & Giantomasi PC
One Boland Drive
West Orange, NJ 07052
*For Plaintiff MMP Capital, Inc.*

*No Appearance by Defendants*
*Punyakam, PLLC DBA Avistamed*
*Family Medicine and Punya Raman Gammage*

**WICKS,** Magistrate Judge:

       Plaintiff MMP Capital, Inc. ("MMP"), commenced this action on April 9, 2020, for breach of

contract, quantum meruit, and unjust enrichment, against Defendants, Punyakam, PLLC d/b/a Avistamed

Family Medicine ("Punyakam") and Punya Raman Gammage ("Gammage"). Before the Court on referral

from the Honorable Frederic Block is Plaintiff's motion for default judgment. (DE 20.) For the reasons

that follow, the undersigned respectfully recommends that Plaintiff's motion for a default judgment be

GRANTED in part and DENIED in part as to liability; and that the Court award damages and attorneys'

fees as set forth below.

## I.    FACTUAL BACKGROUND

Punyakam is a medical practice owned and operated by Gammage (DE 11).  On September 24, 2019, MMP and Punyakam entered into an Equipment Finance Agreement ("EFA"), whereby MMP agreed to finance Punyakam's purchase of medical equipment.  (DE 1.)  Gammage, the sole member of Punyakam, is the guarantor of the EFA. (DE 1 at Ex. A; DE 11-1) The loan is also secured by the medical equipment purchased with the loan proceeds.  (*Id.*; DE 20-5.)  The EFA sets forth a 66-month payment program that required Punyakam to pay $99.99 for the first 6 months, and $1,654.21 for the remaining 60 months (DE 1 at Ex. A; De 20-5)  The third page of the EFA is the Equipment Acceptance Certificate, which Gammage signed on behalf of Punyakam, confirming receipt of the financed equipment.  (*Id.*)  MMP asserts that both Defendants failed to make any payments for the equipment after the first 6 months. (DE 1.)

MMP commenced this action for breach of contract, quantum meruit, and unjust enrichment on April 9, 2020.[1]  (DE 1.)  MMP served Punyakam on April 29, 2020.  (DE 13.)  Punyakam failed to answer or otherwise respond to the Complaint and, on July 10, 2020, MMP requested a Certificate of Default against Punyakam.  (DE 14.)  On July 17, 2020, the Clerk of the Court entered a Default for Punyakam's failure to appear or otherwise defend this action.  (DE 15.)

As to the individual defendant Gammage, MMP did not file an affidavit of service confirming that Gammage was ever served with the Summons and Complaint.  However, on May 19, 2020, Gammage proceeded to respond to the Complaint by moving to transfer venue pursuant to Rule 12(b)(3), without raising any defense as to insufficient service of process on behalf of herself as an individual Defendant.  (DE 11.)  On March 16, 2021, Judge Block denied Gammage's motion to change venue (DE 16) and the Clerk of the Court mailed Gammage a copy of the Order that same day. (Electronic Orders dated Mar. 16, 2021.)  To date, Gammage has failed to answer the Complaint.

---

[1] This case was referred to arbitration, pending Defendants' filing of an answer, which never occurred. (DE 9.)

In addition to denying Gammage's motion to change venue on March 16, 2021, Judge Block also directed that Gammage retain counsel for the corporate defendant Punyakam and held that if counsel was retained, counsel may file a motion to vacate the entry of default against Punyakam.  (Electronic Order dated Mar. 16, 2021.)  Judge Block further held that if no counsel entered an appearance for Punyakam within 30 days after March 16, 2021, Gammage was to file an Advisory with the Court indicating why she has been unable to secure representation.  (*Id.*)  Gammage failed to comply with the Court's March 16, 2021 Order, and MMP was directed to serve and file a motion for default judgment as to both Defendants.  (Electronic Order dated Apr. 21, 2021.)

On May 28, 2021, MMP filed a motion for default judgment against both Defendants (DE 18), which Judge Block referred to the undersigned (Electronic Order dated May 28, 2021), and which the Court denied with leave to renew upon properly submitting the motion in compliance with Local Civil Rule 7.1(a)(2) and Local Civil Rule 55.2(b).  (Electronic Order dated June 29, 2021.)  Curing the procedural deficiencies (as set forth in detail below), MMP now moves the Court for a default judgment against both Defendants.  (DE 20.)  On September 15, 2021, Judge Block referred the motion to the undersigned for a Report and Recommendation to determine both liability and damages.  (Electronic Order dated Sep. 15, 2021.)

## II.    LEGAL STANDARD

There is a two-step process for the granting of default judgments under Fed. R. Civ. P. 55.  First, the Clerk of the Court enters default when a party fails to plead or otherwise defend the action.  *See* Fed. R. Civ. P. 55(a); *see also* Loc. Civ. R. 55.2.  After the clerk's certificate of default is issued and posted on ECF, a party may apply for entry of a default judgment.  Fed. R. Civ. P. 55(b); *see also* Loc. Civ. R. 55.2(b).  The decision to grant a motion for default is left to the discretion of the district court. *United States v. Dougherty*, CV 15-554 (ADS) (AKT), 2016 WL 5112063, at *3 (E.D.N.Y. Aug. 1, 2016), *report and recommendation adopted* by 2016 WL 4705549 (E.D.N.Y. Sep. 7, 2016).  A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe*

*Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06 CV 1878(RJD)(JMA)., 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (finding that a default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true). However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted). The court must therefore ensure that (1) MMP satisfied all required procedural steps in moving for default judgment, *see* Local Civ. R. 55.2; and that (2) MMP's allegations, when accepted as true, establish liability as a matter of law, *see Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

Some courts in this District also commonly consider the same factors that apply to motions to *set aside* an entry of a default judgment, namely, (1) whether the default was willful; (2) the level of prejudice movant would suffer if the default motion is denied; and (3) whether a meritorious defense is presented. *See, e.g., Double Green Produce, Inc. V. Forum Supermkt. Inc.*, 387 F. Supp. 3d 260, 271 (E.D.N.Y. 2019) (citing *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170-171 (2d Cir. 2001); *Mack Fin. Servs. v. Poczatek*, No. CV 10-3799(JS)(AKT)., 2011 WL 4628695, at *3 (E.D.N.Y. Aug. 30, 2011) (*report and recommendation adopted in part by* 2011 WL 4628692 (E.D.N.Y. Sep. 30, 2011)); *Off-White LLC v. Beijing Yinyu Trading Co., Ltd.*, 2022 WL 846833, at *3 (S.D.N.Y. Mar. 22, 2022). Applying the *Pecarsky* factors for guidance is appropriate when the default judgment is sought against a defendant who has appeared, then defaulted (such as Gammage), as opposed to one who never appeared in the first instance (such as Punyakam). Here, because Gammage initially appeared in this action with the filing of a 12(b)(3) motion, the Court finds it appropriate to consider whether Gammage's subsequent alleged default was willful and whether MMP would be prejudiced if default is not granted, in addition to analyzing whether default is proper

4

pursuant to Rule 55.[2]  The same standard is not applicable to Punyakam who never appeared in this action, and therefore the Court will analyze whether default is warranted against Punyakam using the established two-step process set forth in Rule 55 only.

Before obtaining a default judgment, a plaintiff must establish proper service of the Summons and Complaint on the defaulting party pursuant to Rule 4 of the Federal Rules of Civil Procedure. *Advanced Cap. Com. Grp., Inc. v. Suarez*, 2013 WL 5329254, at *2 (E.D.N.Y. Sep. 20, 2013) (adopting report and recommendation).  When considering a motion for default, a court may "assure that it has personal jurisdiction over the defendant."  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011) (citation omitted).  Unlike subject matter jurisdiction, personal jurisdiction can be "purposely waived or inadvertently forfeited."  *Id.*

Once liability for default is established, then next inquiry is damages. A party's default constitutes concession of all well pleaded allegations, however, such default "is not considered an admission of damages."  *Double Green Produce.*, 387 F. Supp. 3d at 271 (quoting *Cement & Concrete Workers Dist. Council Welfare Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)).  Generally, a plaintiff must establish claims for damages through an evidentiary proceeding, although a hearing is not mandatory as long as the Court ensures the plaintiff sets forth a basis for the specified damages.  *Id.* at 271-72 (citations omitted); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (citation omitted) (evidentiary hearing not required so long as there is a basis for the damages awarded).

It is against this backdrop, that the Court considers MMP's motion for default judgment against both Defendants.

---

[2] The Court does not find that it would be fruitful to consider whether Gammage has a meritorious defense to Plaintiff's claims, as no answer has been interposed and any such consideration would be purely speculative.

## III.    DISCUSSION

### A.  Jurisdiction

**i.  Subject Matter Jurisdiction**

MMP is a New York corporation with a principal place of business in Farmingdale, New York. (DE 1 ¶1).  Defendant Punyakam is an Arizona professional limited liability company with a principal place of business in Gilbert, Arizona.  (*Id.* ¶2) Gammage is the sole member of Punyakam and a citizen of Arizona.  (*Id.*)  MMP alleges damages resulting in an accelerated balance owed in the amount of $92,066.25 as of April 9, 2020 plus accruing interest and late charges.  (*Id.* ¶11)  Accordingly, pursuant to 28 U.S.C. § 1332, the Court has jurisdiction over this matter as MMP and Defendants are citizens of different states and the amount in controversy exceeds $75,000.  (DE 1.)

**ii.  Service on the Defendants and Personal Jurisdiction**

For a court to exercise lawful personal jurisdiction over a matter, a plaintiff must complete procedurally proper service of process, there must be a statutory basis for personal jurisdiction that renders such service of process effective, and the exercise of personal jurisdiction must comport with constitutional due process principles.  *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673. F.3d 50, 60-61 (2d Cir. 2012).

The statutory bases for personal jurisdiction in federal courts are enumerated by "Fed. R. Civ. P. 4(k)(1)(A), which provides that serving a summons . . . establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district is located."  *Licci*, 673 F.3d. at 60 (internal quotation marks and citation omitted) (looking to New York law to determine whether personal jurisdiction was available in New York over defendant, a foreign bank). However, as Judge Block pointed to in his decision denying Gammage's motion to transfer venue (DE 16), it is not necessary to analyze personal jurisdiction under New York's long-arm statute or the federal constitutional requirements of due process if an agreement contains a valid, enforceable forum-selection

clause.  (DE 16) (citing *Gordian Grp., LLC v. Syringa Expl., Inc.*, 168 F. Supp. 3d 575, 581 (S.D.N.Y. 2016).  Ultimately, Judge Block held the forum-selection clause in the subject EFA between MMP and Defendants to be enforceable and found that personal jurisdiction over this case was proper.  (DE 16.) Thus, since this Court has already analyzed personal jurisdiction under New York's long-arm statute and that due process has been satisfied, the Court turns to whether each of the Defendants was properly served.

**Defendant Punyakam**

Defendant Punyakam is an Arizona professional limited liability company with its principal place of business at 690 E. Warner Road, Suite 133, Gilbert, Arizona 85296.  (DE 1 ¶2.)  Fed. R. Civ. P. 4(h) provides:

> (h) Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> > (1) in a judicial district of the United States:
> >
> > > (A)    in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> > >
> > > (B)    by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . .

Fed. R. Civ. P. 4(h).

Fed. R. Civ. P. 4(e) provides:

> (e) Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . .

Fed. R. Civ. P. 4(e).

Applying New York law, as this District Court is located in the Eastern District of New York,

7

N.Y.C.P.L.R. § 311-a provides for service of a limited liability company by personally delivering a copy of process "to any other agent authorized by appointment to receive process." N.Y.C.P.L.R. § 311-a. Here, MMP properly served Punyakam, a professional limited liability company, by leaving a copy of the Summons and Complaint with Sherrell Org, the secretary/authorized agent for accepting service. (*See* DE 13 (Affidavit of Service naming Sherrell Org as secretary/authorized agent of Punyakam).) Accordingly, this Court has personal jurisdiction over Punyakam.

**Defendant Gammage**

Defendant Gammage is an Arizona citizen who resides at 3736 E. Marlene Drive, Gilbert, Arizona 85296. (DE 1 ¶ 2.) Upon the Court's review of the docket, there is no evidence that MMP served the Summons and Complaint upon Defendant Gammage individually. However, apparently in receipt of the Summons and Complaint that was served upon Punyakam on April 29, 2020 (DE 13), Gammage proceeded to respond to the Complaint by moving to transfer venue pursuant to Rule 12(b)(3). (DE 11.) Gammage did not raise any defense in the motion as to insufficient service of process, and therefore under Rule 12(h), Gammage has waived any defense of insufficient service of process. Fed. R. Civ. P. 12(h); *Orix Fin. Servs., Inc. v. Cline*, 369 Fed. App'x 174, 177 (2d Cir. 2010) ("A defense of insufficient service of process is waived if it is not asserted by motion under Fed.R.Civ.P. 12 or in the party's responsive pleading."); *Mickalis*, 645 F.3d at 134 (same). Thus, personal jurisdiction over Gammage is also proper.

### B. Procedural Compliance

Local Civil Rule 7.1 requires motions to include a notice of motion, a memorandum of law, and supporting affidavits/exhibits containing any necessary factual information for the decision of the motion. E.D.N.Y. Local R. 7.1(a)(1) - (3). Local Civil Rule 55.2 requires that a party moving for default judgment append to its application the Clerk's certificate of default, a copy of the claim to which no response has been made, a proposed form of default judgment, and that all papers submitted to the Court under Rule 55.2(b) be mailed to the party against whom a default is sought at the last known address of such party with proof of mailing filed with the Court. E.D.N.Y. Local R. 5.52(b) - (c). The movant must

also include a nonmilitary affidavit as to the individual defendant pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. App. § 521, stating whether the defendant is in the military along with facts to support the affidavit. *See Bhagwat v. Queens Carpet Mall, Inc.*, 14-cv-5474 (ENV) (PK), 2015 WL 1373856, at *1 (E.D.N.Y. Nov. 24, 2015) (citing 50 U.S.C. App. § 521).

Initially, this Court denied MMP's motion for default (DE 18) with leave to renew for failure to include a memorandum of law pursuant to Local Civil Rule 7.1(a)(2) and failure to provide the certificate of default pursuant to Local Civil Rule 55.2(b). (Electronic Order dated June 29, 2021.) The Court, noting that these deficiencies were merely exemplars and not an exhaustive list, further cautioned MMP to review all applicable rules pertaining to a default judgment. (*Id.*) MMP then filed the subject motion for default (DE 20) including a proposed judgment (DE 20-2), a memorandum of law (DE 20-6), declarations in support (DE 20-3; DE 20-4; DE 20-5), a copy of the Complaint (DE 20-5 at Ex. 1), the Certificate of Default as to Punyakam entered by the Court on July 17, 2020 (DE 20-4 at Ex. A), a nonmilitary affidavit[3] (DE 20-3), and the affidavit of service confirming service of the motion for default on September 15, 2021 as to both Defendants via regular mail, certified mail (return receipt requested), and Federal Express (DE 20-7).

A certificate of default was not requested as to Gammage and therefore no certificate of default is attached to MMP's motion pertaining to Gammage. Nevertheless, "[C]ourts have discretion to entertain the motion for default judgment even without the issuance of a certificate of default where the party opposing the motion has notice of the motion and the failure to enter a certificate of default is a mere technicality." *Ainbinder v. Money Ctr. Fin. Grp., Inc.*, No. CV 10-5270(SJF)(AKT)., 2013 WL 1335997, at *5 (E.D.N.Y. Feb. 28, 2013) (internal quotation marks and citation omitted), *report and recommendation adopted by* 2013 WL 1335893 (E.D.N.Y. Mar. 25, 2013); *Feel Better Kids, Inc. v. Kids in Need, Inc.*, No. CV-06-0023 (DRH)(AKT)., 2012 WL 4483000, at *3 (E.D.N.Y. Aug. 28, 2012)

---

[3] Plaintiff's counsel's Declaration by Daniel D. Barnes, Esq. affirms that Gammage is not listed as being in the United States military service and attaches a certificate from the Department of Defense Manpower Data Center (from the Service Members Civil Relief Act website). (DE 20-3 at Ex. 1.)

(same).  Here, MMP has provided an affidavit of service dated September 15, 2021, confirming that both Defendants were served at their addresses of record, three different ways (regular mail, certified mail, and Federal Express).  (DE 20-7.)  Accordingly, the undersigned finds that Gammage had notice of the motion, and therefore recommends that the Court exercise its discretion in considering the default motion as against Gammage.[4]  *See id.*; *see also Matter of Arb. Between Finkel & Potenza Elec. Corp.*, 19 CV 486 (AMD)(RML), 2019 WL 7580103, at *2, n.1 (E.D.N.Y. Nov. 26, 2019) (finding it was appropriate to rule on petitioner's motion for summary judgment because respondents, who had not appeared in action, had notice of the motion as evidenced by petitioner filing an affidavit of service showing he served the respondents with the motion via first-class mail), *report and recommendation adopted sub nom. Finkel v. Potenza Elec. Corp.*, 19-CV-00486 (AMD) (RML), 2020 WL 207707 (E.D.N.Y. Jan. 14, 2020).

The Court finds that MMP has properly cured the prior procedural deficiencies and has accordingly complied with the procedural requirements of Local Civil Rules 7.1 and 55.2.

## C.  Liability

Well-pleaded allegations in a complaint are presumed true when a defendant fails to present a defense to the court.  *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 82 (E.D.N.Y. 2020).  However, "a plaintiff still must demonstrate that the factual allegations set forth in [the] complaint state valid claims to relief."  *Id.* (citing *United States v. Meyers*, 236 F. Supp. 3d 702, 708 (E.D.N.Y. 2017).

### i.    Breach of Contract

Here, MMP adequately pleads a claim for breach of contract.  The elements of breach of contract in New York[5] are: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages."  *Martino v. MarineMax Ne., LLC*, 17-CV-4708 (DRH)(AKT), 2018 WL 6199557, at *3 (E.D.N.Y. Nov. 28, 2018) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996).  Based on the facts alleged in the Complaint and the copy of the

---

[4] The Court also notes that Plaintiff was directed to file the subject motion for default, without first having Plaintiff request a Certificate of Default as to Gammage.  (Electronic Order dated Apr. 21, 2021.)
[5] The subject contract designates that the agreement shall be governed and construed under the laws of the State of New York.

EFA that MMP provided[6], MMP has adequately pled that Defendant Punyakam entered into the EFA with Defendant Gammage as the Guarantor whereby Defendants would pay agreed upon monthly installments for 60 months (DE 1 ¶¶ 5-6; *Id.*, Ex. A), that Defendants received the equipment (*Id.* at Ex. A (Equipment Acceptance Certificate)), that MMP fully financed the medical equipment (DE 1 ¶ 5 ), and that even though Defendants were in receipt of the medical equipment, they breached the contract by failing to make any payments after 6 months (*Id.* ¶ 7), resulting in an accelerated balance owed in the amount of $92,066.25 as of April 9, 2020 plus accruing interest and late charges.  (*Id.* ¶ 11.)  The Court therefore finds that MMP has stated a valid breach of contract claim.

### ii.    Quasi Contract, Quantum Meruit, and Unjust Enrichment

"The theory of unjust enrichment lies as a quasi-contract claim. It is an obligation the law creates in the absence of any agreement." *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 54 (2d Cir. 2011) (citation omitted).  Quantum meruit and unjust enrichment claims are analyzed together as a single quasi contract claim. *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. Aug. 8, 2005).  To state a claim for unjust enrichment, a plaintiff must show that "(1) the defendant was enriched; (2) at the plaintiff's expense; and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered." *Ainbinder*, 2013 WL 1335997, at *8 (citation omitted).  Here, however, there is an express contract.

Here, even if MMP has sufficiently pled claims for quasi contract, quantum meruit, and unjust enrichment, those claims fail because there is an express contract at play. *See BASF Corp. v. Prime Auto Collision Inc.*, 20-CV-4797 (NGG) (RLM), 2022 WL 704127, at *5-6 (E.D.N.Y. Mar. 9, 2022) (adopting report and recommendation) (denying default judgment as to unjust enrichment claim in light of finding that plaintiff established existence of enforceable contract between the parties) (collecting cases); *see also*

---

[6] When evaluating the adequacy of a complaint for breach of contract, "the court may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint." *Gerritsen v. Glob Trading, Inc.*, No. 06-CV-3756 (SLT)(RLM), 2009 WL 262057, at *5 n.6 (E.D.N.Y. Feb. 4, 2009) (citation omitted) (adopting report and recommendation) (granting default as to breach of contract claim).

*Ainbinder*, 2013 WL 1335997, at *8 (collecting cases); *SAA-A, Inc. v. Morgan Stanley Dean Witter & Co.*, 281 A.D.2d 201, 203, 721 N.Y.S.2d 640, 642 (1st Dep't 2001) ("Where there is an express contract no recovery can be had on a theory of implied contract" (alteration added) (citation omitted)). Accordingly, it is respectfully recommended that as a matter of law, default judgment be denied as to MMP's quasi contract, quantum meruit, and unjust enrichment claims, if MMP's motion for default judgment is granted as to the breach of contract claim.

### iii.    Willful Default as to Defendant Gammage

The Court concludes that Gammage has willfully defaulted.  As noted, Gammage initially appeared in this action by filing a 12(b)(3) motion to transfer venue (DE 11).  Judge Block denied that motion on March 16, 2021 and the Clerk of the Court served Gammage with a copy of Judge Block's Order the same day.  (DE 16; Electronic Order dated Mar. 16, 2021.)  Pursuant to Rule 12(a)(4)(A), Defendant Gammage had 14 days to answer, calculated from when she received notice of the March 16, 2021 order denying the motion to change venue.  Fed. R. Civ. P. 12(a)(4)(A).  Time to answer has unquestionably expired as the Court sent Defendant Gammage a copy of the Order the day it was issued. (Electronic Order dated Mar. 16, 2021.)   In this Circuit, failure to respond to a complaint evinces willful default.  *Antoine*, 489 F. Supp. 3d at 80 (E.D.N.Y. 2020) (citing *S.E.C. v. McNulty*, 137 F.3d 732, 738–39 (2d Cir. 1998)).  Moreover, Defendant Gammage has not acknowledged the subject motion for default judgment.  Such inaction also establishes a willful default.  *See Indymac Bank v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (finding defendants' failure to appear, failure to respond to the complaint, and failure to respond to a motion for default judgment established willful conduct).

Gammage's willfulness is further demonstrated by her defiance of Judge Block's March 16, 2021 Order which stated:

ELECTRONIC ORDER: For the reasons stated in the Court's Memorandum Order 16 denying Defendant Punya Raman Gammage's motion to transfer venue, this case will proceed in the Eastern District of New York. Accordingly, the defendant is ADVISED that Second Circuit precedent requires that corporate litigants be represented by an attorney. Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997) ("It is well established that a

layperson may not represent a corporation" or "partnership"). Defendant Gammage is therefore ORDERED to obtain counsel for Corporate Defendant Punyakam, PLLC. **If no counsel enters an appearance within 30 days of this Order, Gammage shall file an Advisory with the Court indicating why she has been unable to secure representation.** Punyakam's Counsel may file a motion to vacate the entry of default against Punyakam within 21 days of appearance. These deadlines may be extended at the defendant's request. Ordered by Judge Frederic Block on 3/16/2021.

(Electronic Order dated mar. 16, 2021) (emphasis added).

Punyakam never appeared by counsel and Gammage never filed an Advisory as directed to inform the Court why she has been unable to secure representation for Punyakam. Unquestionably, the Court finds Gammage's blatant disregard of Judge Block's Order to be evidence of further willful behavior.[7] *See Ainbinder*, 2013 WL 1335997, at *5 (noting that deliberate disregard for court orders favors granting a default judgment) (citation omitted).

### iv.    Prejudice

Here, consideration of the prejudice that MMP would suffer if the default motion were denied weighs in favor of granting the default judgment.  Without a default judgment, MMP would not be able to recover for the breach of contract claim adequately pled in the Complaint.  *See Antoine*, 489 F. Supp. 3d at 90 (citing *Mason Tenders Dist. Council v. Duce Const. Corp.*, No. 02Civ.9044(LTS)(GWG)., 2003 WL 1960584, at *3 (S.D.N.Y. Apr. 25, 2003) (holding that denial of motion for default would be prejudicial as "there is no indication that requiring Plaintiff[] to take further steps prior to a determination on the merits would be effective in eliciting a response from Defendants.")); *Ainbinder* at *12 ("Without the entry of a default judgment, Plaintiffs would be unable to recover for the claims set forth in the

---

[7] Although the Court is not explicitly considering additional factors as to the default of Defendant Punyakam who never appeared in this action, the Court notes that these facts do generally support granting of a default judgment against Punyakam as well. *See Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006) ("[I]t is well settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55, F[ed]. R. Civ. P.") (earlier alteration added) (quoting *SEC v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975) (internal quotation marks omitted)).

Complaint."). Accordingly, since the Court finds that MMP has set forth a valid breach of contract claim, this factor also points toward granting MMP's motion for default.

* * *

Accordingly, the undersigned respectfully recommends that MMP's motion for default judgment as to both Defendants' liability for the breach of contract claim be granted, and denied as to the quasi contract, quantum meruit, and unjust enrichment claims.

### D.  Damages

**i.    Amount Due and Interest**

Here, MMP has submitted a Declaration by John-Paul M. Smolenski, President of MMP, to provide the Court with its calculation of damages.  (DE 20-5.)  MMP seeks to recover a total amount due of $118,182.02, which consists of $92,066.25 (the accelerated amount due as of the date of the Complaint in this action), *per diem* interest of $18,795.60 (from April 9, 2021 through May 28, 2021), and attorneys' fees and costs of $7,320.17 (through May 1, 2021).[8]  (*Id.*)

The EFA required Defendants to make or guaranty 6 monthly installment payments at $99.00, followed by 60 monthly installment payments at $1,654.31.  (*Id;* DE 1 at Ex. A.)  The EFA also holds that if Defendants do not provide proof of insurance for the subject equipment, MMP is entitled to charge an additional $124.45 per month.  (*Id.*)  Defendants stopped making payments when the first monthly installment of $1,654.31 was due on April 1, 2020.  (DE 20-5 at Ex. 3 (spreadsheet documenting rejected payments starting on April 1, 2020).)  The total outstanding amount as of April 1, 2020 was $99,258.60.  (DE 20-5.)  Pursuant to the EFA's "Defaults and Remedies," provision, upon default, MMP is entitled to accelerate all payments due.[9]  (*Id.*; DE 1 at Ex. A.)  Upon acceleration, the EFA requires that the amount due be discounted to reflect the present value of the amount due, applying a discount rate of 3%.  (*Id.*)  MMP notes that although the EFA permits the discount rate to be the rate used by the Federal Reserve

---

[8] Plaintiff states that this amount does not include interest after May 28, 2021, or attorney's fees and costs after May 1, 2021.  (DE 20-5 at ¶ 41.)  Plaintiff further states that it will provide the Court with "a more formal submission setting forth the fees and costs incurred." (*Id.* at ¶ 42.)
[9] Plaintiff does not seek the accelerated payment of the insurance charge.  (DE 20-5 at n.1.)

Bank of New York, which was a lower rate than 3% at the time the default motion was filed, MMP

requests here that the lower 3% be applied (which it asserts is "more generous to Defendants").  (DE 20-5

at n.2.)  This calculation brings the total amount due, as of April 9, 2020, to $92,066.25.  (*Id.*; *see also* DE

20-5 at Ex. 4 (calculation spreadsheet).)

Pursuant to the EFA, MMP also claims interest on the amount due at the lower of 1.5% per month

(18% per year) or the highest rate allowed by law.[10]  (DE 20-5.)  "Under New York law, prejudgment

interest is normally recoverable as a matter of right in an action at law for breach of contract."  *Graham v.*

*James*, 144 F.3d 229, 239 (2d Cir. 1998) (internal quotation marks and citations omitted).  MMP sets

forth the interest owed by calculating *per diem* interest: multiplying the amount due ($92,066.25) by the

applicable interest rate (18%), and dividing that amount ($16,571.25) by 365 days in a year.  (DE 20-5.)

While MMP asserts that this calculation results in a *per diem* rate of $45.50 (*Id.*), the Court calculates the

*per diem* rate to equal $45.40 [$92,066.25 times 18% equals $16,571.93; $16,571.25 divided by 365

equals $45.40].  Between April 9, 2020 and May 28, 2021,[11] MMP calculated 414 days, which is

accurate.  Therefore, the total interest due through May 28, 2021 [$45.40 times 414] comes to

$18,795.60.[12]  (*Id.*)  Accordingly, it is respectfully recommended that MMP be awarded $18,795.60 in

interest, and additional *per diem* interest in the amount of $45.40 from May 28, 2021 through the date of

judgment, to be calculated by the Clerk of Court.  *See Antoine*, 489 F. Supp. 3d 68, 94 (holding that

prejudgment interest should be calculated from the date the claim arises through the date of judgment)

(citation omitted).

**ii.    Attorneys' Fees and Costs**

MMP also seeks attorneys' fees and costs.  Pursuant to New York law, a contractual provision

awarding reasonable attorneys' fees to the prevailing party is enforceable "if the contractual language is

---

[10] Plaintiff does not seek the late fee covered by the EFA.  (DE 20-5 at n.3.)
[11] May 28, 2021 was the date Plaintiff filed its initial default motion (DE 18), which was denied on procedural grounds, with leave to renew  (Electronic Order dated June 19, 2021).  Plaintiff filed the subject motion for default on September 15, 2021 (DE 20).
[12] Despite the ten-cent miscalculation, Plaintiff still arrived at the $18,795 calculation of total interest due.

sufficiently clear." *LG Cap. Funding, LLC v. Wowio, Inc.*, 16-CV-6632 (AMD), 2018 WL 3202077, at

*10 (E.D.N.Y. Apr. 24, 2018) (internal quotation marks and citation omitted), *report and

recommendation adopted by* 2018 WL 2224991 (E.D.N.Y. May 15, 2018).  Here, the EFA's language is

enforceable as it states under "Default and Remedies," that "You shall reimburse us for all costs we incur

in enforcing our rights (including our attorneys' fees)…"  (DE 20-5; DE 1 at Ex. A.)  A prevailing party

in a breach of contract action is entitled to the amount actually incurred as long as the amount is not

unreasonable, and the attorneys' fees must be supported by contemporaneous time records specifying the

date, amount of hours, and nature of the work performed.  *Id.* (citations omitted).  Reasonableness of the

fee is based on the prevailing market rate in the relevant community, which is the district in which the

court sits.  *CIT Bank, N.A. v. Castillo*, 2018 WL 1660738, at *3 (E.D.N.Y. Mar. 8, 2018), *report and

recommendation adopted by* 2018 WL 1640591 (E.D.N.Y. Apr. 5. 2018).  "Fee applications are subject

to denial where the fees have not been adequately documented." *Onewest Bank, N.A. v. Cole*, No. 14-

CV-03078 (FB)(RER)., 2015 WL 4429014, at *6 (E.D.N.Y. July 17, 2015) (citation omitted) (adopting

report and recommendation).

As of May 28, 2021, MMP's known legal fees and related costs for this action totaled $7,320.17

(attorneys' fees of $6,492.00 and costs of $828.17).  (DE 20-5.)  However, MMP has not provided

contemporaneous records to support the request for attorneys' fees and costs, and the Court is therefore

unable to determine whether the requested amount is reasonable.  Accordingly, it is respectfully

recommended that MMP's application for reasonable attorneys' fees be granted as to liability, but that

MMP be ordered to provide a declaration/affidavit setting forth counsel's qualifications and experience,

and attaching the relevant contemporaneous time records, upon which the Court may determine a

reasonable award.

In sum, the undersigned respectfully recommends that MMP be awarded damages comprised of

(1) the balance owed on the EFA with the applicable 3% reduction in the amount of $92,066.25; (2)

unpaid interest in the amount of $18,795.60 and additional *per diem* interest in the amount of $45.40 from

May 28, 2021 through the date of judgment; and (3) attorneys' fee at a reasonable rate to be determined upon supplemental submission as noted herein.

## IV.    <u>CONCLUSION</u>

Based on the foregoing, the undersigned respectfully recommends that MMP's motion for a default judgment as to Defendants' liability be granted as to the breach of contract claim and denied as to the quasi contract, quantum meruit, and unjust enrichment claims; that MMP's motion as to damages be granted, and that MMP accordingly be awarded $110,861.85 in damages plus *per diem* interest in the amount of $45.40 from May 28, 2021 through the date of judgment; and, that MMP be granted attorneys' fees and costs at a reasonable amount, to be determined upon a supplemental submission.

## V.    <u>OBJECTIONS</u>

A copy of this Report and Recommendation is being electronically served on counsel for MMP. MMP is directed to serve a copy of this Report and Recommendation on Defendants via first-class mail and via email and promptly file proof of service on ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008)

("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated:  Central Islip, New York
       April 5, 2022

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge